I concur in the main opinion. I write specially simply to emphasize that proof of the "costs" of a child's college education is an essential prerequisite of a valid judgment underEx parte Bayliss, 550 So.2d 986 (Ala. 1989). Adducing proof of those educational "costs" has, unfortunately, historically proved difficult for attorneys representing petitioning parents and children; part of that difficulty may perhaps be attributable to the myriad tuition and financial-aid regimes and billing practices of higher-education institutions that may make discerning the "costs" of attendance less than transparent. However, both Judge Crawley in 2002 and Judge Thomas in this case have correctly noted the uniqueness of our indulgence in this area of practice, and remands from this court have repeatedly been necessary in order to cure parties' failures of proof in this area over the past 18 years. Nonetheless, I am content in this case to, in essence, let family law practitioners off with the stern warning stated in footnote 2 in the main opinion, lest this court be accused of retroactively imposing a new, harsher standard without advance notice. Any change in our procedures should, in my view, be made prospective only.